ANDREW C. GREEN, ESQ.
Nevada Bar No. 9399
RIKKI J. HEVRIN, ESQ.
Nevada Bar No. 13738
KOELLER NEBEKER CARLSON
 & HALUCK, LLP
400 S. 4th Street, Suite 600
Las Vegas, NV 89101
Andrew.green@knchlaw.com
Rikki.hevrin@knchlaw.com
Phone: (702) 853-5500
Fax: (702) 853-5599
Attorneys for Defendants,
OHIO SECURITY INSURANCE COMPANY
and LIBERTY MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRETT PRIMACK, individually,

   Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY, a foreign corporation; LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation; and DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,

   Defendants.

CASE NO.: 2:18-cv-00561-APG-NJK

**STIPULATION AND PROTECTIVE ORDER**

  Subject to the approval of this Court, the parties, by and through their attorneys of record, hereby stipulate to the following Protective Order:

  To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, adequately protect material claimed to be confidential, and ensure that protection is afforded only to material so designated, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), hereby **ORDERED** that this Protective Order shall govern the disclosure, handling and disposition of documents and information in this litigation as follows:

  1. **Application**.

    1.1 This Protective Order shall govern any document, information or other material produced in discovery in this case that contains confidential or private information

528866

which was produced or created in connection with the underlying lawsuit that is designated as containing "Confidential Information" as defined herein, and is produced in connection with this litigation by any person or entity [hereinafter referred to as the "producing party"], whether in response to a discovery request, subpoena or otherwise, to any other person or entity [hereinafter referred to as the "receiving party"], regardless of whether the person or entity producing or receiving such information is a party to this litigation.

2. **Definitions**.

    2.1    Confidential Information. "Confidential Information" shall mean and include, without limitation, any non-public information that concerns or relates to the following areas: confidential proprietary information, trade secrets, security and surveillance policies, practices and procedures, commercial, financial, pricing, budgeting, and/or accounting information, information about existing and potential customers, marketing studies, performance projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the parties to this action have or have had business relationships. "Confidential information" may be contained in the following documents: manuals, contracts, correspondence (electronic or otherwise), blueprints, specifications, drawings, security records, security reports, security shift information and staffing levels, security patrols, security policies and procedures, locations of surveillance and security cameras, documents regarding surveillance and security camera capabilities, production documents, analytical reports, certification-related documents, meeting minutes, meeting notices, presentation documents, and other documents. "Confidential information" also includes privileged communications between defense counsel hired to defend the insured in the underlying personal injury lawsuit and the insurance company that is party to this case. The foregoing includes, but is not limited to any claim manual and internal policy/procedure documents. In allowing this confidential designation for privileged communications, the parties are seeking to preserve, and not waive, the privilege applicable to such communications.

528866

2.2 Documents. As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Nevada Rules of Civil Procedure.

3. **Initial Designation**.

3.1 Good Faith Claims. Claims of confidentiality will be made only with respect to documents; other tangible things and information that the asserting party has a good faith belief are within the definition set forth in subparagraph 2.1 of this Protective Order. Objections to such claims made pursuant to paragraph 5, below, shall also be made only in good faith.

3.2 Produced Documents. A party producing documents that it believes constitute or contain Confidential Information shall state that the material is being produced under this Protective Order by describing the documents or materials to be treated as confidential in writing, by page or bates number wherever possible, and/or shall produce copies bearing a label that contains or includes language substantially identical to the following:

**CONFIDENTIAL**

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. If any person or party makes copies of documents designated as containing Confidential Information, the copying person or party shall mark each such copy as containing Confidential Information in the same form as the Confidentiality notice on the original document.

A party producing documents that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVD's, video tapes and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Confidential Information, by affixing a label or stamp to the data storage device in the manner described above at the time copies of such data storage devices are produced. If the receiving party or

other persons or entities to whom disclosure is authorized pursuant to subparagraph 7.1 make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each such copy as containing Confidential Information in the same form as the confidentiality notice on the original data storage device produced. If the receiving party or other authorized person prints out or otherwise makes copies of the documents or information stored on such data storage device, the receiving party or other authorized person shall mark each page so copied with the label or stamp specified in subparagraph 3.2.

   3.3 Interrogatory Answers. If a party answering an interrogatory or other discovery demand believes that its answer contains Confidential Information, it shall set forth that answer in a separate document that is produced and designated in the same manner as a produced document under subparagraph 3.2. Such answers should make reference to the separately-produced document containing the answer, but such document should not be attached to the response.

   3.4 Inspection of Documents. In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of Confidential Information needs to be made in advance of the inspection. For purposes of such inspection, all material produced shall be considered as Confidential Information. If the inspecting party selects specified documents to be copied, the producing party shall designate Confidential Information in accordance with subparagraph 3.2 at the time the copies are produced.

   3.5 Deposition Transcripts. Within ten (10) days after the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as Confidential Information. Until such time has elapsed, deposition transcripts in their entirety are to be considered as Confidential Information. All parties in possession of a copy of a designated deposition transcript shall mark it appropriately. The court reporter shall comply with and be bound by this Order. In the event that the party furnishing deposition testimony designates portions or all of that testimony as

Confidential Information, the court reporter shall separately transcribe and submit under seal, to counsel for the parties, transcriptions of the testimony so designated. Confidential transcripts of deposition testimony shall be treated the same and afforded the same protections as other documents and materials designated as Confidential Information under this Order.

      3.6    Multi-page Documents. A party may designate all pages of an integrated, multi-page document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.2 on the first page of the document or on each page of the document. If a party wishes to designate only certain portions of an integrated, multi-page document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 3.2 on each page of the document containing Confidential Information.

      4.    **Designations by Another Party**.

      4.1    Notification of Designation. If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as Confidential Information by so notifying all parties in writing within fourteen (14) days of service of the document.

      4.2    Return of Documents; Non-disclosure. Whenever a party other than the producing party designates a document produced by a producing party as Confidential Information in accordance with subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation in accordance with subparagraph 3.2 or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party. No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information under subparagraph 7.1, until after the expiration of the fourteen (14) day designation period specified in subparagraph 4.1. If during the fourteen (14)

    528866

1 | day designation period a party discloses a produced document to a person authorized to
2 | receive Confidential Information under subparagraph 7.1, and that document is subsequently
3 | designated as Confidential Information in accordance with subparagraph 4.1, the disclosing
4 | party shall cause all copies of the document to be destroyed or returned to the producing party,
5 | at the direction of the producing party. The party may thereafter disclose a copy of the
6 | document that has been marked as Confidential Information by the designating party, in
7 | accordance with subparagraphs 3.2 and 7.1.

8 |     5. **Objections to Designations**. Any party objecting to a designation of
9 | Confidential Information, including objections to portions of designations of multi-page
10 | documents, shall notify the designating party and all other parties of the objection in writing
11 | within seven (7) days. This notice must specifically identify each document that the
12 | objecting party in good faith believes should not be designated as Confidential Information
13 | and provide a brief statement of the grounds for such belief. In accordance with the Nevada
14 | Rules of Civil Procedure governing discovery disputes, the objecting and the designating
15 | parties thereafter shall confer within 7 (seven) days after the date of such objection in an
16 | attempt to resolve their differences. If the parties are unable to resolve their differences, the
17 | objecting party shall have seven (7) days after the conference concludes to file with the Court
18 | a motion to remove the Confidential Information. Where a party authored, created, owns, or
19 | controls a document, information or other material that another party designates as
20 | Confidential Information, the party that authored, created, owns, or controls the Confidential
21 | Information may so inform the objecting party and thereafter shall also be considered a
22 | designating party for purposes of this paragraph.

23 |     All documents, information and other materials initially designated as Confidential
24 | Information shall be treated as such in accordance with this Protective Order unless and until
25 | the Court rules otherwise, except for deposition transcripts and exhibits initially considered as
26 | containing Confidential Information under subparagraph 3.5, which will lose their
27 | confidential status after ten (10) days unless so designated as Confidential Information. If the
28 | Court rules that a designation should not be maintained as to a particular document, the

producing party shall, upon written request by a party, provide that party a copy of that document without the designation described in subparagraph 3.2.

If an objecting party elects not to make such a motion with respect to documents within seven (7) days after the conference, information or other materials to which an objection has been made, the objection shall be deemed withdrawn. The designating party shall have seven (7) days to respond to the objecting party's motion. If no response is filed by the designating party within seven (7) days, the designating party shall be deemed to have consented to the objecting party's motion pursuant to LR 7-2(d).

6. **Custody**. All Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

7. **Handling Prior to Trial**.

7.1 Authorized Disclosures. Confidential Information shall be disclosed by the receiving party only to the following persons:

a. Counsel for the parties in this litigation, including their associates, clerks, paralegals, and secretarial personnel;

b. Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

c. Experts and their staff who are retained by counsel as expert witnesses for a party in this litigation;

d. Experts and their staff who are consulted by counsel for a party in this litigation;

e. Parties to this litigation, limited to the named party and, if that party is a corporate entity, a limited number of employees of the corporate entity and its insurers;

///

528866

f. Designated in-house counsel and a limited number of assistants, administrative or otherwise;

g. Outside vendors employed by counsel for copying, scanning and general handling of documents;

h. Any person of whom testimony is taken regarding the Confidential Information, except that such person may only be shown Confidential Information during his/her testimony, and may not retain a copy of such Confidential Information; and

i. This Court and this Court's staff, subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

Confidential Information may not be disclosed to persons under subparagraphs (c) or (d) until the receiving party has obtained a written acknowledgment from the person receiving Confidential Information, in the form of the Declaration attached hereto as Exhibit A, that he or she has received a copy of this Protective Order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraph 7.1 shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information and identify what documents have been disclosed, and shall furnish the written acknowledgments and disclosure list to opposing counsel as follows: (i) for a person under subparagraph (c), within thirty (30) days after the person signs the Declaration; and (ii) for a person under subparagraph (d), within thirty (30) days after the matter is finally concluded. A party who discloses Confidential Information in accordance with subparagraph 7.1 shall also furnish the written acknowledgements and disclosures list to the Court for in camera review upon its request or order. Furnishing the written acknowledgments and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

528866

Disclosure of Confidential Information to this Court, including judicial staff, shall be made in accordance with subparagraph 7.4 of this Protective Order.

    7.2    Unauthorized Disclosures. All persons receiving Confidential Information under the terms of this Protective Order are under the jurisdiction of the state courts and U.S. federal courts located in Nevada for all matters arising from the improper disclosure or use of such information. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Protective Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain and return the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

    7.3    Court Filings. See Order issued concurrently herewithin.

8.    **Care in Storage**. Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of such information to ensure that the confidential and sensitive nature of same is maintained.

9.    **Handling During Trial**. Confidential Information that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Court upon application by any party.

10. **No Implied Waivers**. This Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential Information in this litigation are doing so only pursuant to the terms of this Protective Order. The taking of any action in accordance with the provisions of this Protective Order shall not be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

11. **No Admission**. The designation of any item as Confidential Information shall not be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

12. **Inadvertent Disclosure**. Issues regarding inadvertent disclosures shall be resolved under the provisions of FRE 502.

13. **Parties' Own Documents**. This Protective Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Protective Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

14. **Motion to Compel Production of Confidential Information**. If any third party subpoenas Confidential Information from a party to this action or moves to compel a party to this action to produce any such information, such party shall immediately notify the parties who originally produced and/or designated such information that a subpoena has been served or a motion has been made in order to allow the parties who originally produced and/or designated such information the opportunity to seek a protective order or oppose the motion or application. If, within thirty (30) days after receiving notice of a subpoena seeking Confidential Information from a receiving party, the party who originally produced and/or designated such information fails to move for a protective order, the party subject to the subpoena may produce said information. In addition, if a party is ordered to produce Confidential Information covered by this Protective Order, then notice and, if available, a copy of the order compelling disclosure shall immediately be given the parties who originally

528866

produced and/or designated such information. Nothing in this Protective Order shall be construed as requiring the party who is ordered to produce such Confidential Information to challenge or appeal any order requiring the production of such information or to subject himself/herself to any penalty for non-compliance with any legal process or seek any relief from the Court.

15. **No Effect on Other Rights.** This Protective Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

16. **Modification.** In the event any party hereto seeks a Court order to modify the terms of this Protective Order, or seeks a protective order which incorporates the terms and conditions of this Protective Order said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

17. **Handling Upon Conclusion of Litigation.** All parties, counsel, and persons to whom disclosure was made agree to return all Confidential Information to the designating party within ninety (90) days of the conclusion of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review. In addition, counsel shall certify in writing that all such Confidential Information has been returned. Counsel for each party also shall contact each person to whom that party has provided a copy of any Confidential Information and request the documents be returned. In lieu of returning Confidential Information, the person or party in possession of such information may elect to destroy it. If the person or party in possession of Confidential Information elects to destroy it rather than return it, that person or party must notify the designating party in writing of the destruction of the information within ninety (90) days of the conclusion of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review.

///
///
///

528866

1  18. **Survival of the Terms of this Protective Order**. Even after the termination of
2  this litigation, the confidentiality obligations imposed by this Protective Order shall remain in
3  effect until a Designating Party otherwise in writing or a court order otherwise directs.

DATED this 17 day of September, 2018.  DATED this 14 day of September, 2018.

KOELLER NEBEKER CARLSON  LAW OFFICES OF ERIC R. BLANK, P.C.
& HALUCK, LLP

By: _____  By: _____
ANDREW C. GREEN, ESQ.                  ERIC R. BLANK, ESQ.
Nevada Bar No. 9399                    Nevada Bar No. 6910
RIKKI J. HEVRIN, ESQ.                  DARREN J. LACH, ESQ.
Nevada Bar No. 13738                   Nevada Bar No. 9606
400 S. 4th Fourth Street, Suite 600    7860 W. Sahara Avenue, Suite 110
Las Vegas, NV 89101                    Las Vegas, NV 89117
Attorneys for Defendants,              Attorney for Plaintiff,
OHIO SECURITY INSURANCE                BRETT PRIMACK
COMPANY and LIBERTY MUTUAL
INSURANCE COMPANY

**ORDER**

IT IS SO ORDERED.

DATED this  18  day of  September , 2018.

_____
U.S. MAGISTRATE JUDGE

Respectfully Submitted by:

KOELLER, NEBEKER, CARLSON
& HALUCK, LLP

By: _____
ANDREW C. GREEN, ESQ.
Nevada Bar No. 9399
RIKKI J. HEVRIN, ESQ.
Nevada Bar No. 13738
400 S. 4th Street, Suite 600
Las Vegas, NV 89101
Attorneys for Defendants,
OHIO SECURITY INSURANCE
COMPANY and LIBERTY MUTUAL
INSURANCE COMPANY

528866