# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRETT PRIMACK,

    Plaintiff(s),

v.

OHIO SECURITY INSURANCE COMPANY, et al.,

    Defendant(s).

Case No.: 2:18-cv-00561-APG-NJK

**Order**

[Docket No. 22]

Pending before the Court is a motion to quash subpoenas and for a protective order. Docket No. 22. For the reasons discussed more fully below, the motion is hereby **DENIED**.

"[I]t is useful to reiterate a settled and universally recognized proposition: a party is not empowered to grant itself, *de facto*, the relief it seeks from the Court by delaying in filing a motion to such an extent that it cannot be resolved prior to the scheduled event." *Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 336 (D. Nev. 2016). "The odor of gamesmanship is especially pronounced in the context of discovery disputes where it appears parties routinely seek to delay their discovery obligations by filing [a] motion for protective order on the eve of a ... noticed deposition." *Cardoza v. Bloomin' Brands, Inc.*, 141 F.Supp.3d 1137, 1141 (D.Nev.2015); *see also Caraway v. Chesapeake Exploration LLC*, 269 F.R.D. 627, 628 (E.D.Tex.2010) (decrying the filing of a motion for protective order the evening before a deposition as embodying tactics "dredged up from the cesspool of 'Rambo' litigation [that] cannot be countenanced" and as an improper attempt to "present an opponent with a *fait accompli*"). "When an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright." *Id.* at 1143. For example,

a motion seeking relief from a deposition has been denied as untimely when the attorney had three weeks' notice of the deposition, but filed the motion for relief from that deposition three days before it was scheduled to take place. *Allstate Ins. Co. v. Nassiri*, 2011 WL 4905639, at *1 (D. Nev. Oct. 14, 2011) (overruling objections to magistrate judge order).

The motion in this case seeks relief from depositions scheduled for today (November 29, 2018) and tomorrow (November 30, 2018). *See* Docket No. 22-1. The intent to take these depositions has been known for weeks. *See, e.g.*, *id.* at 16, 19 (proofs of service of amended notices from November 12, 2018). Moreover, the parties' meet and confer efforts have been purportedly completed for more than a week. Docket No. 22 at 2-3. Indeed, counsel threatened to seek relief from the Court back on November 19, 2018. Docket No. 22-2. Nonetheless, the instant motion was filed at 8:24 p.m. on November 28, 2018. *See* Docket No. 22 (notice of electronic filing). In doing so, it is clear that counsel is attempting to grant himself the relief of vacating the depositions. *See, e.g.*, Docket No. 22-4 (advising opposing counsel that the motion was filed after business hours but before the time set for the deposition and, as such, purporting to provide a "courtesy" notice so that opposing counsel can avoid incurring unnecessary court reporter costs and "make other use of the time that would otherwise be occupied by these depositions").[1]

Given these circumstances, the instant motion is untimely and is hereby **DENIED**. The depositions shall proceed as scheduled, and **any failure to appear may result in the imposition of sanctions**.

IT IS SO ORDERED.

Dated: November 29, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Counsel's belief is misplaced. The filing of a motion is not sufficient to avoid appearing for a deposition and, instead, only a court order excusing that appearance will suffice since it "is for the court, not the deponent or his counsel, to relieve him of the duty to appear." *Flamingo Trails*, 316 F.R.D. at 336-37 (quoting *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)).