# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRETT R. PRIMACK,<br><br>    Plaintiff<br><br>v.<br><br>OHIO SECURITY INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Defendants | Case No.: 2:18-cv-00561-APG-NJK<br><br>**Order Granting Defendants' Motion for Partial Summary Judgment**<br><br>[ECF No. 43] |

This is an uninsured motorist (UIM) insurance coverage dispute. Plaintiff Brett Primack sues his insurers, Ohio Security Insurance Company (Ohio Security) and Liberty Mutual Insurance Company (Liberty Mutual) for breach of contract, bad faith, and unfair claims practices following an October 19, 2014 car accident in which he claims he was seriously injured. The tortfeasor's insurer paid its policy limits of $15,000 and the defendants paid $5,000 in medical payments. Primack then requested UIM coverage. To date, the defendants have not paid him anything on the UIM claim.

The defendants move for summary judgment on Primack's claims for bad faith, unfair claims handling practices, and certain types of damages.[1] They do not move for judgment on the breach of contract claim, so that will remain pending.

I held a hearing on this matter on October 30, 2019. ECF No. 50. At that hearing, I advised the parties that I would consider the defendants' summary judgment motion despite it being filed past the dispositive motion deadline. I granted the motion as to (1) past and future

---
[1] I denied Primack's motion for summary judgment on his bad faith claim at the October 30, 2019 hearing. ECF No. 50.

loss of household services, (2) limitation of occupational activity, and (3) loss of earning capacity because Primack conceded he has no evidence to support these special damages. ECF No. 45 at 4 n.1. At the hearing, Primack requested clarification as to whether this ruling precluded Primack from testifying about these matters in relation to general damages. I took that matter under advisement. I now clarify that my ruling applies only to special damages because the defendants have not moved to preclude Primack from discussing how his injuries have affected his ability to work or perform household services as that may relate to general damages.

I also granted the defendants' motion as to damages for future physical therapy and psychological care because Primack did not respond to that portion of the defendants' motion and thus pointed to no evidence in support of these damages. At the hearing, Primack inquired whether that precluded damages for gym memberships and related physical training expenses. I took that matter under advisement. I now clarify that my ruling about future physical therapy and psychological care has no impact on gym memberships or training expenses because the defendants did not move for summary judgment as to those types of damages.

Finally, I took under advisement the issues of whether the defendants are entitled to summary judgment on the merits of Primack's bad faith and unfair practices claims, as well as whether Liberty Mutual is a proper party to the case. The parties are familiar with the facts so I do not repeat them here except where necessary. I grant the defendants' motion for summary judgment on Primack's bad faith and unfair practices claims because Primack has not pointed to evidence of damages for either of these claims. Because the only remaining claim is for breach of contract and Liberty Mutual is not a party to the contract, I grant the defendants' motion as to defendant Liberty Mutual.

/ / / /

**A. Damages**

"The party seeking damages has the burden of proving the fact that he was damaged and the amount thereof." *Gibellini v. Klindt*, 885 P.2d 540, 543 (Nev. 1994). In their motion for summary judgment, the defendants argued that Primack has no evidence of causation or damages for his bad faith and unfair practices claims.[2] The defendants thus satisfied their initial burden on summary judgment. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out that there is an absence of evidence to support the nonmoving party's case." (quotation omitted)).

Once the defendants carried their initial burden, Primack could "not rest upon the mere allegations or denials of [his] pleading," but was required to "provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial." *Id.* (quotation omitted). Primack has not done so. His opposition does not address causation or damages. And the only evidence he presents are the reports and testimony of his expert, Scott Glogovac. ECF No. 46. But Glogovac disclaims being a damages expert and he did not assess damages. *Id*. at 93 ("I am not a damages expert in this case, I'm a claim handling standards expert in this case. So I did not sit down and attempt to assess the damages that Mr. Primack could present at trial in this case. I wasn't hired to do that and I did not do that."). At the

---

[2] ECF No. 43 at 19-20 ("Lastly, for alleged breach of implied covenant, Plaintiff has not identified any associated damages that can be attributed to such allegations. As with any cause of action, causation of damages is a required element, and the lack of evidence in that regard also requires entry of summary judgment in favor of Defendants."); *id.* at 23 ("Lastly, for alleged violation of the unfair claims practices act, Plaintiff has not identified any associated damages that can be attributed to such allegations. As with any cause of action, causation of damages is a required element, and the lack of evidence in that regard also requires entry of summary judgment in favor of Defendants.").

3

hearing, I inquired about damages but Primack's counsel did not identify evidence that would raise a genuine dispute about damages caused by either the defendants' alleged bad faith or unfair practices. I therefore grant the defendants' motion on these two claims because Primack has failed to meet his burden at summary judgment on essential elements of his claims.

**B.  Liberty Mutual**

The evidence shows Ohio Security was the contracting party. ECF No. 43-16 at 3 (contract identifying that coverage is provided by Ohio Security). Although there is a "Liberty Mutual Insurance" logo on the policy, there is no evidence that this means the entity Liberty Mutual Insurance Company was a party to the contract. Because there is no evidence that Liberty Mutual was a party to the contract, and because the only remaining claim is one for breach of contract, I grant the defendants' motion for summary judgment as to Liberty Mutual.

**C.  Conclusion**

I THEREFORE ORDER that the defendants' motion for partial summary judgment **(ECF No. 43) is GRANTED** as set forth at the hearing and in this order. Liberty Mutual is dismissed from this case with prejudice.

DATED this 13th day of November, 2019.

                                                                          ANDREW P. GORDON
                                                                          UNITED STATES DISTRICT JUDGE