**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRETT R. PRIMACK, | Case No.: 2:18-cv-00561-APG-NJK |
| Plaintiff | **Order Rejecting Joint Pretrial Order** |
| v. | |
| OHIO SECURITY INSURANCE COMPANY, | |
| Defendant | |

The parties' proposed pretrial order does not comply with this court's Local Rules for a variety of reasons.

The plaintiff lists 69 mostly vague descriptions of exhibits it intends to offer, identifying many of them as "records," "costs estimate," "correspondence between the parties," and "All documents and their attachments filed by any Party to this litigation." ECF No. 62 at 7-11. Local Rule 16-3(b)(8) requires parties to list their specific trial exhibits, rather than vaguely referring to general categories or "all documents." Vague, broad designations make it impossible for the other party to know which document is being offered so a proper objection can be made. That is proven here by the fact that neither party states specific grounds for any objections to the other side's exhibits, as required by Local Rule 16-3(b)(8)(B).

The defendant properly identified its exhibits by Bates-stamp numbers. However, the defendant improperly designates the entirety of 12 deposition transcripts as exhibits. *Id.* at 6-7. Deposition transcripts are typically not offered into evidence as exhibits, but are read into the record as testimony. And Local Rule 16-3(b)(10) requires parties to "designat[e] the portions of

the deposition to be offered" so the other party can properly object to the specific testimony.  The defendant did not designate page and line numbers as required.

The parties stipulate into evidence the "Ohio Security Insurance Company policy, Bates LMIC000001-85." *Id.* at 3.  Yet the defendant lists as a separate exhibit a Liberty Mutual Insurance Company Policy No. BAS (15) 55530738 with the same Bates numbers as the Ohio Security policy: LMIC000001-000085. *Id.*  And the plaintiff objects to this document despite it apparently being a stipulated exhibit.  The parties need to clarify this exhibit.

Next, the plaintiff files one objection to all 54 exhibits listed by the defendant: "Plaintiff objects to the foregoing as inadmissible due to lack of relevance, prejudice, undue waste of time and lack of foundation." *Id*. at 7.  The defendant similarly files one objection to all 69 of the plaintiff's exhibits: "Defendant objects to the foregoing as inadmissible due to lack of foundation, hearsay, relevance, improper opinions, and due to unfair prejudice and lack of timely and proper production." *Id*. at 11.  Local Rule 16-3(b)(8) requires the parties to identify the appropriate objection to each exhibit.  This helps streamline resolution of the objection at or before trial.  General objections to all proposed exhibits are unhelpful.

The plaintiff identifies 45 witnesses to call at trial and the defendant identifies 30 witnesses.  Yet the parties state that the trial will take only four to five days.  That is nearly impossible.  The parties apparently have not seriously considered which witnesses they intend to call at trial, but instead have listed everyone somehow connected to this case.

The only remaining claim is for breach of contract.  The parties clearly have not seriously considered the evidence and witnesses they need to offer at trial.  Instead, they have simply listed nearly every document and witness identified through discovery.  Local Rule 16-3 requires the parties to personally discuss these and other issues.  The requirements in Local Rules 16-3 and

16-4 are designed to streamline the trial preparation and presentation, and to foster settlement. The parties cannot simply wait to make trial decisions until the eve of trial.  If they do, they cannot fully participate in settlement discussions.  It is apparent from the proposed Joint Pretrial Order that the parties either ignored Local Rule 16-3, or did not properly conduct the required conference in the spirit of the rule.

I ORDER that the parties' Joint Pretrial Order (**ECF No. 62) is REJECTED.**  The parties shall personally confer as required in Local Rule 16-3, and submit a Joint Pretrial Order that complies with Local Rules 16-3 and 16-4 by December 9, 2020.

DATED this 9th day of November, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE